UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGEN VINDUM, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>   Defendants. | Case No. 22-cv-04259-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

  The motion to remand is granted.

  "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The plaintiffs and defendant Mandy Esrock are all citizens of California, and so there is no diversity jurisdiction in this case.

  The defendants argue that Esrock's citizenship can be disregarded because she was fraudulently joined. Joinder is fraudulent if the plaintiff cannot "establish a cause of action against the non-diverse party in state court.'" *Id.* In most cases involving fraudulent joinder, the defendants argue that the plaintiff has no possibility of prevailing against the non-diverse defendant because the plaintiff's legal theory or the evidentiary basis for that theory is wholly lacking. *See, e.g., id.* at 550. This case is different: although the plaintiffs have named Esrock as a defendant, the complaint does not even attempt to articulate a claim against her. The complaint is limited to three causes of action against Safeco (Esrock's employer) and several unidentified Doe defendants. On this basis, the defendants contend Esrock was fraudulently joined.

But the Court cannot conclude, based on this iteration of the complaint, that the plaintiffs are categorically precluded from prevailing against Esrock. In their opposition, the defendants do not present a clear argument that any claim against Esrock would be foreclosed based on the facts alleged in the complaint (or the facts that could be alleged in the complaint). *Cf. Njoku v. GEICO General Insurance Co.*, No. 19-CV-07757-JST, 2020 WL 4915433, at *2–3 (N.D. Cal. May 6, 2020). Indeed, Esrock has filed an answer in state court, which presumably means that discovery will proceed. And if Esrock sought to dismiss the complaint for failure to state a claim against her, the plaintiffs would no doubt receive leave to amend. Given the presumption against removal, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Archuleta v. American Airlines, Inc.*, No. CV 00-1286 MMM (SHX), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)). Furthermore, "courts should only find that a defendant was fraudulently joined if any deficiency in the complaint cannot possibly be cured by granting the plaintiff leave to amend." *Nido v. Nationwide Mutual Insurance Co.*, No. 19-CV-07724-LHK, 2020 WL 1865324, at *4 (N.D. Cal. Apr. 14, 2020). Because Esrock is named as a defendant and it is possible that the plaintiffs could state a claim against her, remand is warranted.

The case is ordered remanded to the Superior Court of Contra Costa County. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 5, 2022

_____
VINCE CHHABRIA
United States District Judge